BARNEY ZEITZ & another *vs.* ERNEST A. NICKEL & others.

Dukes County.   October 24, 1922. — January 8, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Supreme Judicial Court. Superior Court. Equity Jurisdiction,* Jury issues. *Jury and Jurors.*

In a suit in equity, begun in the Supreme Judicial Court in the county of Bristol against a resident of the county of Dukes County for an accounting under a contract in writing and for a decree enjoining that defendant from prosecuting in the Superior Court of the county of Dukes County an action at law for a breach of that contract, a single justice of the Supreme Judicial Court has authority under G. L. c. 214, § 34, to order issues to be framed for a jury and to be transferred to the county of Dukes County and there tried in the Superior Court with the action at law.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Bristol, seeking to enjoin the defendant Nickel, doing business under the name Sanitary Laundry, from prosecuting against the plaintiffs, doing business under the name Mercantile Wrecking Company, an action at law then pending in the county of Dukes County for a breach of the contract in writing described in the opinion, for an accounting under that contract and for general relief.

The defendant Nickel filed a motion for the framing of issues for a jury and also a motion that the issues so framed "be ordered tried with the action at law" then "pending in the county of Dukes County between Nickel and Zeitz *et al.*"

The motions were heard by *Crosby,* J.  He filed the following memorandum and order:

"This motion came on for hearing before me and was argued by counsel.  It appears that when this suit in equity was brought there was pending between the parties herein, in the Superior Court in the county of Dukes County, an action at law brought by Nickel against Zeitz, which action is now pending.  It appears that many, if not all, the issues of fact to be tried and determined in the case at law are the same as the issues to be determined in this suit in equity pending in the Supreme Judicial Court in the county

of Bristol. Counsel agree that such issues should be framed for trial by a jury.

"I am of opinion that this court is without jurisdiction to order the action at law pending in the Superior Court in the county of Dukes County to be tried in Bristol County. I am also of opinion that in the absence of any statute to the contrary that this court has power to order the issues to be tried by a jury with the action at law in the county of Dukes County. I am also of opinion that the determination of the issues of fact in Dukes County by the jury before which the action at law is to be tried will obviate the necessity of two trials involving many if not all the same facts, and will save time and expense to the parties.

"Accordingly I direct that the issues heretofore framed be tried with the action at law in the county of Dukes County."

The issues framed were as follows:

"First issue: Was the defendant, Nickel, induced to enter into the contract of May 5, 1919, in consequence of the false and fraudulent statements of facts made to him by the plaintiffs, their agents, servants and partners?

"Second issue: Was the defendant, Nickel, induced to write the letter dated May 10, 1919, in consequence of the false and fraudulent statements of facts made to him by the plaintiffs, their agents, servants and partners?

"Third issue: Did the defendant, Nickel, accept any sum or sums of money in full accord and satisfaction of all claims and payments due from the said Mercantile Wrecking Company?

"Fourth issue: Did the defendant Nickel receive a number of jerkins from the Mercantile Wrecking Company for which he did not account to said Company and if so what was the value of said jerkins?"

The single justice reported to this court the question of his "authority to direct that the issues be tried with said action at law in the county of Dukes County."

*J. W. Cummings,* (*J. B. Cummings* with him,) for the plaintiffs.
*J. H. Powers,* for the defendant Nickel.

RUGG, C.J. This is a suit in equity brought in the Supreme Judicial Court for Bristol County to enjoin the prosecution of an action at law by the defendant Nickel as plaintiff against the plaintiffs as defendants in the Superior Court for Dukes County

and for other relief. Many of the issues of fact to be tried and determined in that action at law are the same as those to be decided in the present suit. The plaintiffs are residents in the county of Bristol, the defendant Nickel in the county of Dukes and the remaining defendants in the county of Suffolk. The cause of action set out in the declaration in the case pending in the Superior Court and that described in the present suit both arise out of the same contracts between the present plaintiffs doing business as Mercantile Wrecking Company and Nickel, whereby the latter was to launder and clean at his works at Oak Bluffs goods taken by the former under contract with the United States Government from a wrecked steamship lying on a shoal on the Island of Martha's Vineyard, payments due Nickel under such contracts being guaranteed by the defendants resident in Suffolk County. All this work by both parties to the contract was to be done in Dukes County, within which are Oak Bluffs and Martha's Vineyard.

The question presented is whether the single justice had power to frame issues in the case at bar to be tried by a jury and order the same tried at the bar of the Superior Court in Dukes County with the action at law to which reference already has been made.

By G. L. c. 211, § 19, "An action, suit or proceeding arising or pending in the county of Dukes or Nantucket, which is cognizable by the Supreme Judicial Court and which is to be heard before one justice, shall be entered, heard, tried and determined at the court held in the county of Bristol, in all respects as if the same court were held in the county of Dukes or Nantucket, as the case may be . . . ." This section is somewhat broader in its scope than a simple regulation of venue. It provides that there shall be no sitting of the Supreme Judicial Court in Dukes County, and that that court, while sitting in Bristol County, shall have all powers it would have if sitting in Dukes County. This statute confers upon the Supreme Judicial Court sitting in Bristol County the same jurisdiction with respect to cases pending before it that it would have if sitting within Dukes County. Without pausing to trace the history of the sittings of that court in Dukes County, it is certain that for many years none have been held there. St. 1820, c. 14, Rev. Sts. c. 81, § 56. In its strict sense no case can be pending in that county because it must be entered in Bristol

County. It is not necessary to analyze with nicety the meaning of the words in this section, "Action, suit or proceeding arising or pending in the county of Dukes." We are of opinion that the suit at bar falls within their description. It could not have been brought in the Supreme Judicial Court for Dukes County, but by compulsion of statute was brought in Bristol County. The contract out of which it springs was to be performed within Dukes County, one of the parties thereto is a resident of that county and the action at law sought to be restrained is pending in the Superior Court for that county. It might be treated by the court while sitting in Bristol County as "arising or pending" in Dukes County. Therefore it was within the power of the single justice to order the case tried in Dukes County under G. L. c. 214, § 34, which empowers the framing of "issues of fact to be tried by a jury and order the same to be tried . . . in the Superior Court in the county in which such cause is pending, or upon the request of all parties in any other county." Upon the facts here disclosed the last ten words just quoted did not limit his power to send the issues to the Superior Court sitting in Dukes County for trial.

*Order affirmed.*